Janko Gjukic, Defendant in Error, v. Chicago Crushed Stone Company, Plaintiff in Error.

### Gen. No. 14,250.

PERSONAL INJURIES—*when recovery cannot be sustained.* Where an injury results either through the carelessness of the plaintiff or because of some danger inherent in the work which he was doing at the time, a recovery therefor will not be sustained.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed. Opinion filed January 8, 1909.

F. J. CANTY, for plaintiff in error; R. J. FOLONIE and GEORGE PFIRSHING, of counsel.

NATHAN NEUFELD, for defendant in error; ISAAC E. KORN, of counsel.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

Plaintiff in error sued out this writ of error to reverse a judgment against it for $1,000. Gjukic, defendant in error, was injured on January 18, 1907, while in the employ of the plaintiff in error at a stone quarry which it operated at Summit, Illinois. In his "statement of the nature of the tort," which the statute requires to be filed in such case, Gjukic com-

plains of The Chicago Crushed Stone Company, a corporation, as follows: "it became the duty of the defendant to provide for the plaintiff a reasonable safe place to work so to protect the life and limb, yet the defendants disregarding their duty in that respect allowed stone and other debris to fall on plaintiff's right leg although the plaintiff used due care and diligence," by reason of which neglect and carelessness plaintiff's leg was broken.

It appears from the evidence that at the time he was injured Gjukic was on top of a pile of stone, previously loosened by blasting, for the purpose of prying down stone to be loaded upon a car. He was one of a "gang" of three workmen who loaded stone upon cars and were paid according to the number of cars they loaded. Gjukic is a man about forty years of age and had worked for the company about eleven or twelve days. The pile of stone, upon which he was working in prying down stone with a crow-bar, was about 12 to 17 feet high. According to the testimony he had been working on the stone pile from two to fifteen minutes, when he pried on a stone and both he and the stone fell down from the piles. He fell on one side of the pile and on the other side, he says, about five cars of stone fell. Other witnesses say very little if any stone fell when Gjukic fell. Whether little or much stone fell when the plaintiff fell appears to us immaterial. When he went to work on the stone pile prying down stone and loading cars therewith he assumed the risk of falling down and injuring himself in connection with that work. Necessarily, according to the evidence before us, the cause of his falling was either some carelessness of his own or danger inherent in the work he was doing at the time. The record shows no negligence on the part of plaintiff in error. Plaintiff in error was not an insurer against injury.

The judgment of the Municipal Court will be reversed.

*Reversed.*